UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY | * | CIVIL ACTION NO. 25-2105 |
| | * | |
| | * | SECTION: "D"(1) |
| VERSUS | * | |
| | * | JUDGE WENDY B. VITTER |
| ASSOCIATED TERMINALS OF ST. BERNARD, L.L.C. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is defendant's Motion for More Definite Statement (Rec. Doc. 9). Although defendant will require additional information to fully defend the claims against it, the Court finds that the Complaint is sufficiently clear that defendant can respond. Accordingly, the Motion for More Definite Statement is DENIED.

Background

This lawsuit concerns charges for demurrage assessed by plaintiff Norfolk Southern Railway Company ("Norfolk") against defendant Associated Terminals of St. Bernard, L.L.C. ("Associated"). The relevant federal regulations define demurrage as a charge that "compensates rail carriers for the expenses incurred when rail cars are detained beyond a specified period of time (i.e., free time) for loading or unloading, and serves as a penalty for undue car detention to encourage the efficient use of rail cars in the rail network." 49 C.F.R. § 1333.1.

Norfolk operates an interstate rail carrier. Complaint, Rec. Doc. 1, at 1. In accordance with federal law, it has established rules related to the assessment and computation of railcar demurrage and storage charges. Id. at 2. It alleges that its rules governing how demurrage and storage charges are accrued and assessed are set out in its Freight Tariff NS 6004-D and its Conditions of Carriage (collectively "Tariffs"). Id. It asserts that these documents are publicly available at its website,

www.nscorp.com.[1] Id. Norfolk alleges that Rule 300 of its Conditions of Carriage sets forth how the finance charges associated with credit extensions are accrued and assessed. Id.

Norfolk alleges that, after providing Associated with the requisite notice of its Tariffs,[2] "[b]etween October 2022 and September 2025, pursuant to Norfolk Southern's Tariffs, Norfolk Southern agreed to and did release railcars into the possession of Associated Terminals and Associated Terminals accepted delivery of said railcars." Id. at 2-3. Norfolk alleges further that "[b]etween October 2022 and September 2025, Associated Terminals failed to return possession of railroad-controlled railcars to Norfolk Southern within the alleged "free time" period prescribed by Norfolk Southern's Tariffs. Accordingly, Associated Terminals has incurred Demurrage by and through Norfolk Southern's Tariffs through September 2025, as follows." Id. 3. The Complaint then lists 35 Freight Bills with Net Amount Due for each, which together total $710,550. Norfolk alleges it submitted the invoices to Associated and that Associated has failed or refused to pay them. Id. at 5-6. Norfolk seeks the entirety of the outstanding bills along with certain additional demurrage charges, finance charges, interest, and attorneys' fees that have accrued and will continue to accrue under the Tariffs.

Norfolk attaches the invoices to its Complaint. Rec. Doc. 1-3. But the invoices do not appear to identify the cars involved, the specific dates and times the cars were received, or the third parties that actually ordered the cars. Nor does the Complaint.

Norfolk filed suit on October 8, 2025. Associated appeared and filed a Motion for More Definite Statement (Rec. Doc. 9), which the District Court has referred to the Magistrate Judge for

---

[1] It appears that the posted Freight Tariff is effective January 1, 2026 (after the time period relative to this lawsuit), and the posted Conditions of Carriage were effective beginning July 1, 2023 (only partially covering the time period relevant to this lawsuit).

[2] Norfolk alleges that Associated acknowledged receipt, and further that its Tariffs were explicitly incorporated into the Track Lease Agreement between Norfolk and Associated. Complaint, Rec. Doc. 1, at 3.

decision (Rec. Doc. 11). Associated argues that Norfolk must be required to identify which third parties controlled the railcars, when the alleged delays occurred, why they occurred, and how responsibility for the demurrage charge is allocated among the entities involved. It says that without this information, it cannot meaningfully respond to the Complaint and it will be required to defend claims for costs that were incurred due to the conduct of unidentified third parties. It insists that it intends to assert claims against those third parties to transfer any alleged liability for demurrage to them. But it cannot do so without information from Norfolk about the allocation of demurrage charges for each of those potential third parties.

Norfolk opposes. It argues that its Complaint is not vague or ambiguous and that it provides sufficient information for Associated to prepare a responsive pleading. It says that the demurrage charges at issue cover several hundred or even thousands of railcars and thousands of chargeable demurrage days. It submits that if it was required to plead details regarding each railcar, incident, and placement, the pleading would be several hundred pages. It argues that a motion for more definite statement is not a substitute for the discovery process. It notes that prior to suit, it provided Associated with a spreadsheet with a significant amount of information about the demurrage charges like the equipment/car, commodity being shipped, the shipper, the consignee, and the number of days demurrage was charged.[3] It says that its counsel followed up with a Teams meeting with Associated's counsel to help explain the spreadsheets. It argues that Associated is merely trying to delay paying the amounts owed.

In reply, Associated argues that Norfolk's opposition makes clear that the information it seeks is readily available. It complains that Norfolk is attempting to hold Associated liable for

---

[3] The email correspondence that Norfolk attaches indicates that the only shippers identified are ones that signed direct billing letters but that Associated was no longer being billed for those shippers' demurrage. Rec. Doc. 14-1. Thus, it is unclear whether Norfolk has provided Associated with the identity of all the third parties it seeks.

demurrage in a lump sum, for cars it did not order and for which it did not control the delivery date or quantity, without identifying the ordering entities whose commercial decisions allegedly caused the detention. Associated argues that as a practical matter, unless Norfolk is required to amend, Associated will be unable to include necessary parties and evaluate third-party claims until after it engages in discovery. It submits that this will result in delay, and it insists that equity demands clarification of the complaint.

Law and Analysis

*1.  Motion for More Definite Statement*

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). The movant "must point out the defects complained of and the details desired." Id. The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting Advanced Commc'ns Techs., Inc. v. Li, No. 05 CIV. 4628 (RWS), 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)).

Given the liberal pleading standard set forth in Rule 8,[4] Rule 12(e) motions are disfavored.

---

[4] Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The plaintiff must state a plausible claim for relief to survive a motion to dismiss. Id.

Alford v. Chevron U.S.A. Inc., 13 F. Supp. 3d 581, 590 (E.D. La. 2014), order amended on reconsideration (June 4, 2014); Collier v. Shell Offshore, Inc., No. CIV.A. 14-2090, 2014 WL 6957865, at *1 (E.D. La. Dec. 4, 2014); Reedom v. Jones, No. CIV.A. 10-375, 2010 WL 4875636, at *1 (E.D. La. Nov. 22, 2010). The Fifth Circuit has explained that "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). The tools of discovery, and not a motion for more definite statement, are the appropriate vehicle to develop the facts of the case. Id.

  2. *Analysis*

  Associated argues that it cannot admit or deny the allegations, assess available defenses, or determine whether additional parties must be joined. But Associated focuses on Norfolk's failure to identify the third parties that ordered the railcars and who may be responsible for the demurrage charges. Indeed, Associated will need information about these parties to determine whether it can shift responsibility for the demurrage charges onto them and, if so, to assert claims against them. But the Court finds that discovery is a suitable way for Associated to obtain that information and that following discovery, Associated will have an opportunity to join the third parties to this lawsuit—or sue them separately—if appropriate. Requiring Norfolk to provide information about the third parties in the Complaint itself would be to require Norfolk to set up Associated's defenses. It is not obligated do so. Associated is already aware of the potential liability of third parties and can assert defenses on those grounds, even if it cannot yet assert claims against those unidentified parties.

  Upon review of the Complaint, the Court finds that Associated will be able to provide a response to the allegations and at least preliminarily assert its defenses. The claims and legal theory

have been identified and facts supporting them have been asserted. The Freight Bills associated with each demurrage charge have been identified. And Associated has possession of additional information about the charges via the spreadsheet Norfolk provided to it pre-suit. Associated itself admits that it is not seeking to dismiss Norfolk's complaint. Rec. Doc. 9, at 1. Under these circumstances, it is not appropriate to require a plaintiff to provide a more definite statement. As Norfolk rightly points out, a Rule 12(e) motion is not a substitute for discovery.

Conclusion

Because the Complaint is not so vague, ambiguous, or unintelligible so as to prejudice Associated in attempting to answer it, the Motion for More Definite Statement (Rec. Doc. 9) is DENIED.

New Orleans, Louisiana, this 5th day of March, 2026.

Janis van Meerveld
United States Magistrate Judge